UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. BANK, NATIONAL ASSOCIATION,
as Trustee for Citigroup Mortgage Loan
Trust, Inc., Mortgage Pass-Through
Certificates, Series 2006-AR9,

    Plaintiff,

v.

                                                       Case No. 8:24-cv-351-WFJ-AEP

JOHN MARK ROESCH, *et. al.*,

    Defendants.
_____/

## ORDER

Before the Court is Defendant John Mark Roesch's Amended Motion to Dismiss (Dkt. 25), as well as Plaintiff U.S. Bank, National Association's ("U.S. Bank") response (Dkt. 28). Upon careful consideration, the Court denies Mr. Roesch's Motion.

## BACKGROUND

The Court recounts the facts as alleged by U.S. Bank. On June 2, 2006, Mr. Roesch executed and delivered a $1,800,000 promissory note (the "Note") to Wells Fargo Bank, N.A. ("Wells Fargo"). Dkt. 1 at 3; Dkt. 1-3 at 2. The Note was secured by a mortgage executed the same day (the "Mortgage"), which itself refinanced a prior mortgage and encumbered the real property described as "[t]he

South 26 feet of Low 18, all of lot 19 and the North 30 feet of Lot 20, Block 'E', JUNGLE SHORES, according to the plat thereof, as recorded in Plat Book 6, Page 4, of the Public Records of Pinellas County, Florida" (the "Property"). Dkt. 1 at 3–4; *see generally* Dkt. 1-4. Mr. Roesch allegedly still owns the Property. Dkt. 1 at 4.

On November 7, 2011, Wells Fargo assigned the Note and the Mortgage (collectively, the "Loan Documents") to U.S. Bank by an Assignment of Mortgage (the "Assignment"). Dkt. 1 at 4; Dkt. 1-5 at 2. Approximately ten years later, allegedly following years of missed payments, Specialized Loan Servicing ("SLS") sent Mr. Roesch two written notices of default pursuant to a power of attorney executed between SLS and U.S. Bank. Dkt. 1 at 4–5; Dkt. 1-7 at 2–5; Dkt. 1-6. Mr. Roesch purportedly failed to cure the default. Dkt. 1 at 5. As a result, U.S. Bank accelerated all amounts due under the Loan Documents. *Id.*

On February 6, 2024, U.S. Bank brought suit. U.S. Bank seeks to foreclose on the Mortgage (Count I) and hold Mr. Roesch responsible for breach of the Note (Count II). *Id.* at 5–8. Mr. Roesch now moves to dismiss U.S. Bank's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 25 at 2–12.

## LEGAL STANDARDS

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

At the dismissal stage, a court may consider matters judicially noticed, such as public records, without converting a defendant's motion to one for summary judgment. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 52 (11th Cir. 2006). Additionally, documents may be considered at the dismissal stage if they are central to, referenced in, or attached to the complaint. *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Documents attached to a motion to dismiss may also be considered if the documents are (1) central to the plaintiff's claim, and (2) undisputed (if their authenticity is not challenged). *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Unlike Rule 12(b)(6), which is used to assert failure to state a claim, Rule 12(b)(1) is used to attack subject-matter jurisdiction. A Rule 12 (b)(1) challenge to subject-matter jurisdiction may be either facial or factual. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Courts employ standards similar to Rule 12(b)(6) to review a facial attack, taking as true the allegations in the complaint and construing all factual inferences in favor of the plaintiff. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

## DISCUSSION

The Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a), and U.S. Bank has sufficiently stated claims upon which relief can be granted.

### I.     Subject-Matter Jurisdiction

28 U.S.C. § 1332(a) provides United States District Courts with original jurisdiction over cases where complete diversity exists and the amount in controversy exceeds $75,000. For diversity purposes, a corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. § 1332(c)(1). "Unlike state-charted banks or other corporations whose citizenship is governed by 28 U.S.C. § 1332(c)(1)," however, "the citizenship of national banking associations, such as [U.S. Bank], is governed by 28 U.S.C. § 1348, which provides that 'all national banking associations shall be deemed citizens of the states in which they are located.'" *Norman v. Wells Fargo Bank, N.A.*, No. 0:23-CV-60645-RS, 2023 WL 10672908, at *2 (S.D. Fla. June 23, 2023) (citations omitted). The Supreme Court has interpreted this to mean that national banking associations are only citizens of the state "designated in its articles of association as its main office" location. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006); *see also Thomason v. Deutsche Bank Nat'l Tr. Co. as Tr. for Home Equity Mortg. Loan Asset-Backed Tr. Series INABA 2006-A, Home Equity Mortg. Loan asset-Backed Certificates Series INABS 2006-A8*, No. 21-11639, 2022 WL

4296926, at *1 (11th Cir. Sept. 19, 2022) (explaining that "[n]ational banking associations are deemed citizens of the States in which they are 'respectively located'" and that a "national bank is 'respectively located' in the State in which its main office is located, as set forth in its articles of association").

Given the forgoing, Mr. Roesch's facial subject-matter challenge necessarily fails regardless of U.S. Bank's branch locations. In the absence of a factual challenge, the Court must accept as true that U.S. Bank "is a national banking association, with its headquarters and principal place of business in Minneapolis, Minnesota." Dkt. 1 at 2; *see Lawrence*, 919 F.2d at 1529. This naturally implies that U.S. Bank's main office is in Minneapolis, which renders U.S. Bank a Minnesota citizen for purposes of diversity jurisdiction. *Schmidt*, 546 U.S. at 319. No other party in this case is a citizen of the Minnesota. Mr. Roesch, moreover, does not challenge that at least $1,800,000 is in controversy. It follows that complete diversity exists and that the amount in controversy easily exceeds $75,000. The Court has subject-matter jurisdiction over this dispute.

## II.    Failure to State a Claim

Mr. Roesch makes two additional arguments for dismissing U.S. Bank's Complaint: (1) the Assignment contradicts U.S. Bank's supposed status as the holder of the Note; and (2) U.S. Bank has failed to plead compliance with

5

conditions precedent due to its use of the word "wavier." Dkt. 25 at 5–7. The Court will address each argument in turn.

To begin, the Assignment does not render implausible U.S. Bank's alleged Note holder status. The Assignment provides in pertinent part that:

> …the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $1,800,000.00 with interest, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and all the covenants and provisions herein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

Dkt. 1-5 at 2. While this does not prove U.S. Bank's status as the Note holder, it certainly does not cause tension with it. Indeed, if anything, the Assignment demonstrates that Wells Fargo assigned all of its beneficial interest under the Mortgage to U.S. Bank. This reasonably suggests that the Assignment transferred debt. Mr. Roesch cannot avoid this conclusion—especially where U.S. Bank has claimed to be the Note holder, has attached the Note (which secured the Mortgage and is endorsed in blank), and has filed a certificate verifying its constructive possession of the Note through SLS. *See generally* Dkt. 5.

U.S. Bank has also sufficiently pled compliance with conditions precedent. Federal Rule of Civil Procedure 9(c) indicates that, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Here, U.S. Bank pleads that "[e]very condition precedent to

6

this action was either performed, waived, or excused." Dkt. 1 at 3. Mr. Roesch takes issue with the inclusion of the word "waiver" because U.S. Bank did not allege facts relating to waiver. Mr. Roesch nevertheless fails to recognize that "waiver" is used after the inclusive disjunction of "or." Accordingly, understood properly, U.S. Bank is merely stating that every condition precedent was satisfied in one way or another. There are factual allegations to support this statement. *Id.* at 5 (asserting that U.S. Bank, through SLS, sent Mr. Roesch letters of default). U.S. Bank's use of the word "waiver" is no reason to dismiss the Complaint.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**: Mr. Roesch's Motion to Dismiss (Dkt. 25) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on April 30, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record