UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. BANK, NATIONAL
ASSOCIATION, as Trustee for
Citigroup Mortgage Loan Trust, Inc.,
Mortgage Pass-Through Certificates
Series 2006-AR9,

    Plaintiff,
v.                                                                                                Case No: 8:24-cv-351-WFJ-AEP
JOHN MARK ROESCH, 2427 DEAN
STREET LLC, GROW FINANCIAL
FEDERAL CREDIT UNION,
PINELLAS COUNTY
CONSTRUCTION LICENSING
BOARD, UNKNOWN TENANT NO.
1 and UNKNOWN TENANT NO. 2,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY FINAL JUDGMENT

THIS CAUSE having come before the Court on this 1st day of July 2025, upon Plaintiff's Motion for Summary Judgment, and the Court having reviewed said Motion and otherwise being fully advised in the premises, it is hereby ordered:

1. Plaintiff's Motion for Summary Judgment is granted for the reasons stated below. Plaintiff shall submit a Final Judgment to the Court providing judgment for the amounts pleaded and establishing the next available sale date (as will be provided by Plaintiff conferring with the Clerk and USMS).

1

2. On February 6, 2024, Plaintiff filed its action for foreclosure of a Note & Mortgage securing payment for sums lent. The security is a residential property as described within the Mortgage, though more commonly known as 1150 Park Street North, St. Petersburg, FL 33710.

3. On February 6, 2024, the Plaintiff filed a Certification of Possession of the Original Note, which included a copy of the original note mirroring the same attachment to the Complaint.

4. On May 14, 2024, the Defendant John Mark Roesch filed his Answers and Affirmative Defenses.

5. On May 12, 2025, Plaintiff filed its Motion for Summary Judgment along with its appurtenant Affidavit and its attached exhibits.

6. On June 3, 2025, the Defendant filed its response to the Motion for Summary Judgment. This response contained only legal argument, was not verified, and did not include an affidavit or attestations by the Defendant.

7. On June 18, 2025, the Plaintiff responded to the Defendant's responsive filing pursuant to the Court's June 4, 2025, Order.

8. By way of Affidavit, Plaintiff laid the predicate for the admission of its evidence under the Business Records Exception to the Rule Against Hearsay per F.S. 90.806(6).

9. The Evidence submitted by the Plaintiff provides substantial and competent evidence that proves each of the requisite elements by a preponderance of the evidence.

10. Plaintiff's evidence supports a finding that both a note and mortgage executed by Mr. Roesch were in place (a fact not contested by the Defendant), and Plaintiff had standing to enforce this debt at the time of filing the complaint. Inter alia, *Ortiz v. PNC Bank, N.A.*, 188 So. 3d 923 (Fla. 4th DCA 2016) states that the Plaintiff's tender of the Original Note

at the Summary Judgment hearing combined with the matching copies filed at the time of filing the Complaint provide sufficient evidence of standing at the time of filing the complaint.

11. Plaintiff's records include financial records kept and maintained by the Plaintiff which indicate a default as plead within the complaint occurred on December 1, 2009, and correspondence was sent to the Borrower informing him that he was in default and what actions were required to cure the default.

12. Plaintiff's records indicate the debt was accelerated as a result of the default and that the default was never cured.

13. Through Plaintiff's records, the Court conclusively finds that it has proven the amounts due and owing and as of July 1, 2025, those records reflect that:

- Principal balance: $1,800,000.00;
- Interest accrued: $2,040,878.28; and
- Escrow & Late Charges: 1,254,732.74
- Total Debt, not including Attorney's Fees: $5,095,611.02

14. The Court finds that the amounts due are supported by the evidence submitted by the Plaintiff and are specifically broken down within the Plaintiff's Judgment Figures.

15. The Court finds that the Defendant has failed to proffer any evidence in support of its own defenses. Neither by way of a verified response, nor affidavit. Rather, the Defendant has only rendered various legal arguments and included various exhibits without the benefit of a predicate or sworn testimony.

16. The Court further finds that the Defendant has failed to plead its defenses as specifically addressed within the Plaintiff's Motion for Summary Judgment and its June 18, 2025, response.

17. Defendant, having failed to raise a triable issue of material fact has failed to counter the evidence submitted by the Plaintiff, failed to support its own defenses, and has not substantiated any claim Plaintiff should not attain judgment.

**DONE AND ORDERED** at Tampa, Florida, on July 1, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**