**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CASE NO: 8:24-cv-351-WFJ-AEP

U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR9,
    Plaintiff,
v.
JOHN MARK ROESCH, et al,
    Defendants.
_____/

**FINAL JUDGMENT OF FORECLOSURE**

**THIS ACTION** was heard before the Court at the Motion for Summary Judgment hearing on July 1, 2025. This Court issued its order on Plaintiff's Motion for Summary Final Judgment on July 1, 2025, referenced and incorporated herein. On the evidence presented, **IT IS ORDERED AND ADJUDGED** that Plaintiff's Final Judgment is **GRANTED**.

1. **Amounts Due and Owing.** Plaintiff, U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR9, is due:

| | |
|---|---|
| Principal Balance: | $ 1,800,000.00 |
| Interest on the note and mortgage from 12/01/2009 to 07/01/2025 | $ 2,040,878.28 |
| Late Charges | $ 17,212.50 |
| Escrow Balance at Loan Transfer | $ 1,113,715.22 |

24-06075-1

| | | |
|---|---|---|
| Taxes | $ | 34,690.21 |
| Insurance | $ | 29,599.26 |
| Register Vacant Prop | $ | 990.00 |
| Property Inspections | $ | 1,385.00 |
| BPO/Aprsl | $ | 345.00 |
| Attorney Fees & Costs | $ | 73,137.25 |
| Unapplied Balance | $ | -(16,341.70) |
| **GRAND TOTAL** | **$** | **5,095,611.02** |

Plus additional interest from and after July 1, 2025, at the above–stated rates, which amounts are secured by the lien of the Loan Documents.

2. If the total amounts due under this Judgment are not paid before the commencement of the Foreclosure Sale, the United States Marshal (the "Marshal") or, at Lender's (also known as Plaintiff) option exercised by Lender filing within forty-five (45) days after entry of this Judgment, a Notice of Selection of Foreclosure Sale Master, a special master selected by Lender (the "Master") as permitted by Federal Rule of Civil Procedure 53, shall sell the Collateral, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a public sale, for cash in hand, to the highest bidder, at the George E. Edgecomb Building, 800 East Twiggs

24-06075-1

Street, Tampa, Florida 33602, during the legal hours of sale, on such date and time as selected by the Marshal or Master, as applicable, as applicable, after consultation with Lender also known as Plaintiff (the "Foreclosure Sale"). The Marshal or Master, as applicable, shall give public notice of the time and place of such sale, pursuant to 28 U.S.C. § 2002, by publication in a newspaper published in Hillsborough County, once a week for four (4) consecutive weeks, beginning not less than twenty-eight (28) days from the date of sale. The Marshal or Master, as applicable, shall and is authorized to conduct the foreclosure pursuant to the terms of this Judgment, and the provisions of Section 45.031, Florida Statutes, shall apply.

3. Lender may be a bidder and purchaser of the Collateral at the sale. If Lender is the successful purchaser as the highest bidder at the Foreclosure Sale, the Marshal or Master, as applicable, shall credit Lender's bid with the amount due as set forth in Paragraph 3 above, including interest and the costs of publication and fees due to the Marshal or Master, as applicable, incurred by Lender subsequent to entry of this Judgment ("Subsequent Amounts"), or such part as is necessary to pay the bid in full. If Lender is not the purchaser at the sale, Lender shall be reimbursed from the proceeds of the sale, so far as they are sufficient, by the Marshal or Master, as applicable, for the Subsequent Amounts.

24-06075-1

4. The successful bidder for the Collateral shall be required to pay the cost of the documentary stamps and any recording fees in accordance with any state, county, or local laws. If a successful bidder other than Lender fails to pay the entire bid amount by the deadline established by the Marshal or Master, as applicable, Lender shall, upon filing a motion be entitled to have the sale of the Collateral set aside and rescheduled pursuant to the terms of this Judgment.

5. Promptly upon the sale of the Collateral, the Marshal or Master, as applicable, shall make a report of the sale to this Court for an Order confirming the sale. Upon such confirmation by the Court and receipt of the full purchase price of the sale, the Marshal or Master, as applicable, is authorized to and shall execute and deliver a Marshal's Deed or Master's Deed to the successor bidder conveying the Collateral. Thereafter, the purchaser at the sale and its heirs, representatives, successors, or assigns, shall without delay be let into the possession of the Collateral. The Marshal shall execute any writ of assistance issued by this Court at the written request of successful bidder

6. Upon the Marshal or Master, as applicable, certifying the sale to the Court, Obligors, and all entities or persons claiming under or against Obligors, shall be foreclosed of all interest, estate or claim in the Collateral and shall forever be barred and foreclosed of any

24-06075-1

and all equity or right of redemption in and to any of the Collateral.

7. Upon confirmation of the sale and delivery of the Marshal's Deed or Master's Deed, as applicable, to the successful bidder, the Marshal or Master, as applicable, shall distribute the proceeds of the sale of the Collateral, if they exist and so far as they are sufficient, as follows:

    a) To the Marshal or Master, as applicable, for its costs and expenses incurred in connection with this cause and the sale ordered above as authorized by this Judgment and applicable, law, unless Lender has paid the same in which case Lender shall be entitled to receive those amounts as Subsequent Costs as provided below in Paragraph 7(b).

    b) To Lender, if not the purchaser of the Collateral at the sale, all amounts adjudged herein to be due and owing, including the Subsequent Costs of these proceedings.

    c) The balance, if any, to be deposited in the registry of this Court, and in that event, the Clerk is directed within ten (10) days of the date of said deposit to give notice to Obligors, in order that Obligors might by appropriate pleadings make claim to any such surplus.

8. Lender is authorized, if it desires and in its sole discretion, to assign its rights in and to this Judgment, without further order from this Court, by providing the Marshal or Master, as applicable, with an assignment of the rights to the Judgment, and such entity or person shall be entitled to credit its bid with

the total sum with interest and cost accruing subsequent to this Judgment, or such part of it, as is necessary to pay the bid in full

9. The Court specifically reserves jurisdiction to enter further orders the Court deems just and proper to include, without limitation, the following: orders related to pursuit and entry of deficiency judgment, if Defendant has not been discharged in bankruptcy, or it is not prohibited by federal law or mutual settlement agreement; orders to correct any scrivener's errors in the final judgment; orders granting Plaintiff additional attorney's fees and costs; writs of possession; orders determining the amount and responsibility for assessments that may be due a condominium or homeowner's association pursuant to §§ 718.116 or 720.3085 of the Florida Statutes; orders arising out of re-foreclosure, to include permitting a supplemental complaint to add an interest-holder, omitted defendant, and/or; orders involving reformation of the mortgage instrument or deed to perfect title.

**DONE AND ORDERED** at Tampa, Florida, on July 23, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

24-06075-1